UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HYPERBARIC OPTIONS, LLC, NATIONAL HYPERBARIC DIRECTORY, LLC, and GREGORY HARRIS,

        Plaintiffs,

v.

OXY-HEALTH, LLC, ANDREW BUDIARTO, SANDY HAINES, SAMIR PATEL, and BENJAMIN GALBRAITH,

        Defendants.

Case No. 12-12020
Honorable Julian Abele Cook, Jr.

ORDER

In this case, the Plaintiffs, Hyperbaric Options, LLC, National Hyperbaric Directory, LLC, and Gregory Harris, have accused the Defendants, Oxy-Health, LLC, Andrew Budiarto, Sandy Haines, Samir Patel, and Benjamin Galbraith, of (1) tortious interference with a business expectancy, (2) defamation, and (3) violations of the Michigan Antitrust Reform Act, Mich. Comp. Laws § 445.771 et seq. Although this lawsuit was initiated in the Oakland County Circuit Court of Michigan, the Defendants subsequently caused it to be removed to this federal court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441.

I.

Federal court jurisdiction which is premised on a diversity of citizenship among the litigants is proper if (1) the parties are completely diverse, and (2) the amount in controversy exceeds the

1

sum of $75,000 exclusive of interest and costs. 28 U.S.C. § 1332. However, following an examination of the record in this cause, it was not clear to this Court that either of these two prerequisites had been satisfied. Therefore, and based upon this preliminary evaluation, the Court thereafter directed the Defendants to show cause why the case should not be remanded to the state court for lack of subject matter jurisdiction. Now that the Defendants have submitted their response to the directive from the Court, the matter is ripe for an evaluation and resolution. [1]

"A defendant seeking to remove a case to federal court bears the burden of establishing jurisdiction, and [t]he notice of removal is to be strictly construed, with all doubts resolved against removal." *Borg v. Sears Roebuck & Co.*, No. 07-12927, 2007 WL 4239258, at *5 (E.D. Mich. Nov. 30, 2007) (quoting *Durant v. Servicemaster Co.*, 147 F. Supp. 2d 744, 747-48 (E.D. Mich. 2001)) (internal quotation marks omitted).

It is well-settled that a limited liability company is a citizen - for diversity jurisdiction purposes - of every state of which its limited and general partners are citizens. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) ("[L]imited liability companies have the citizenship of each partner or member. . . . [B]ecause a member of a limited liability company may itself have multiple members - and thus may itself have multiple citizenships - the federal court needs to know the citizenship of each 'sub-member' as well." (citations and internal quotation marks omitted)); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 189-91 (1990) (refusing to extend jurisdictional rules of corporate citizenship to other entities created under state law).

In their notice of removal, the Defendants failed to identify the citizenship(s) of the

---

[1] Although the Plaintiffs were given an opportunity to respond to the Defendants' filing, they have not done so as of this date.

member(s) - and, if applicable, the sub-member(s) - of Plaintiffs Hyperbaric Options, LLC, and National Hyperbaric Directory, LLC, and Defendant Oxy-Health, LLC. However, the Defendants' response to the order to show cause has satisfied the Court that the parties are completely diverse. Hyperbaric Options, LLC has only one member: namely, Gregory Harris. Harris and his wife are the members of National Hyperbaric Directory, LLC. Both of them are residents of Michigan. Therefore, these two business entities are deemed to be citizens of Michigan for diversity purposes in. Oxy-Health, LLC has only three members; namely, (1) Samir Patel, a California citizen; (2) Alice Faye Ajir, an Ohio citizen; and (3) a third-party corporation that is a California citizen. Thus, this entity is deemed to be a citizen of California and Ohio for diversity purposes. Finally, the individual Defendants are citizens of California. Thus, there is complete diversity of citizenship among the parties.

Turning to the second prong of the jurisdictional inquiry, where, as here, the face of the complaint does not establish that the amount in controversy requirement has been satisfied, the removing Defendants have "the burden of proving by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." *Durant*, 147 F. Supp. 2d at 748. The party who seeks to effect the removal "must set forth specific facts which form the basis of its belief that there is more than [$75,000] at issue in the case." *Thompson v. Fritsch*, 966 F. Supp. 543, 545 (E.D. Mich. 1997). However, a removing party's burden to establish the jurisdictional amount should not be so high as to "require [it] to research, state and prove the plaintiff's claim for damages." *Gafford*, 997 F.2d at 159.

In their notice of removal, the Defendants pointed to the text of the complaint in which the Plaintiffs claim that, as a result of the Defendants' alleged misconduct, they (1) sustained a drastic

3

reduction in sales and revenue (Compl. ¶ 17); (2) suffered significant economic harm and damage to their business, reputation, and credibility (Compl. ¶¶ 69, 85); and (3) were entitled to receive treble damages with respect to the alleged violations of the Michigan Antitrust Reform Act (Compl. ¶ 92). However, the Court noted that "these allegations - standing alone - do not provide the Court with any basis upon which to determine if the requisite amount in controversy has been satisfied. . . . Unanchored to any dollar value, the terms 'significant' and 'drastic' are entirely abstract, relative, and purely speculative. That which is a significant amount to one business entity may be an extremely modest sum of money to another." (Order, May 14, 2012, at 4, ECF 6).

In their response to the show cause directive, the Defendants have provided the Court with information regarding the prices of several of the products that are sold or rented by Hyperbaric Options.[2] Based upon these figures, and even leaving aside the Plaintiffs' requests for treble damages, special and punitive damages, and statutory attorney fees, the Defendants have met their burden of establishing by a preponderance of the evidence that the amount in controversy - at least with respect to Hyperbaric Options[3] - more likely than not exceeds $75,000. *Durant*, 147 F. Supp. 2d at 748.

Thus, the Defendants' have satisfied the concerns that were raised by the Court in its order to show cause. Because the jurisdictional requisites have been satisfied, the order to show cause

---

[2]These prices include, for example, (1) new portable hyperbaric chambers that range in sale price from $5,495 to $14,995; (2) used hyperbaric chambers that range in sale price from $4,500 to $35,000); and (3) in-home portable hyperbaric chambers that range in rental price from $995 to $3,495, depending on length of rental term and model rented).

[3]*See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) (if amount in controversy has been satisfied by at least one plaintiff, federal courts may exercise supplemental jurisdiction over sub-$75,000 claims brought by additional plaintiffs as long as claims arise from same case or controversy and all other diversity jurisdiction requisites have been met).

is set aside.

### III.

The Court also notes that, three days prior to the filing of the order to show cause, the Defendants had filed a motion to dismiss for lack of personal jurisdiction. Subsequently, and as permitted by Fed. R. Civ. P. 15(a)(1)(B), the Plaintiffs filed an amended complaint. Because the amended complaint supersedes the original complaint and renders the first pleading a legal nullity, the motion to dismiss the original complaint has become moot. *See, e.g.*, *B&H Med., LLC v. ABP Admin, Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008) ("[Original] complaint is a nullity, because an amended complaint supercedes all prior complaints." (citations and internal quotation marks omitted)); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) ("[W]hen plaintiff files amended complaint, new complaint supersedes all previous complaints and controls case from that point forward." (citations omitted)). Therefore, (1) the motion to dismiss is denied without prejudice and (2) the order setting the time for the Defendants to file their reply brief is vacated.

### IV.

For the reasons that have been set forth above, the Court sets aside its order to show cause. (ECF 6). The Defendants' motion to dismiss (ECF 5) is denied without prejudice for reasons of mootness. The order which set the date for the Defendants to file their reply brief (text-only order, June 6, 2012) is vacated. Consistent with a stipulation and order that was entered on June 27, 2012 (ECF 10), the Defendants' response to the first amended complaint must be filed within fourteen days of the date of this order.

IT IS SO ORDERED.

Date: September 5, 2012                                s/Julian Abele Cook, Jr.
                                                       JULIAN ABELE COOK, JR.
                                                       U.S. District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 5, 2012.

                                                       s/ Kay Doaks
                                                       Case Manager